# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2018**

E-Filing Number: 1804066705

**004027**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TEKLA WLODARCZYK | ARAMARK CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 208 W. MAPLE AVENUE<br>BEAVER DAM WI 53916 | 1101 MARKET STREET<br>PHILADELPHIA PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CARLOS NUNEZ-CONTRERAS | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 208 W. MAPLE AVENUE<br>BEAVER DAM WI 53916 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

APR **27** 2018

**K. EDWARDS**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

### TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TEKLA WLODARCZYK , CARLOS NUNEZ-CONTRERAS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PATRICK FITZGERALD | KLINE & SPECTER, P.C.<br>1525 LOCUST STREET<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)772-1396 | (215)772-1359 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 320051 | patrick.fitzgerald@klinespecter.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *PATRICK FITZGERALD* | Friday, April 27, 2018, 02:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**ARNOLD & ITKIN, LLP**
By:  Kurt Arnold, Esq. (ID No. 308531)
    Caj Boatright, Esq. (ID No. 321544)
    Roland Christensen, Esq.
        *Pro Hac Vice Anticipated*
    Alison Baimbridge, Esq.
        *Pro Hac Vice Anticipated*
6009 Memorial Drive
Houston, TX 77007
713-222-3800

*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**
Patrick Fitzgerald, Esq. (ID No. 320051)
Patrick.Fitzgerald@klinespecter.com
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000

Filed and Attested by the
Office of Judicial Records
27 APR 2018 02:00 pm
K. EDWARDS

| | |
|---|---|
| TEKLA WLODARCZYK, as Administratrix of the Estate of Carlos Nuñez-Contreras,<br>             *Plaintiff,*<br><br>v.<br><br>ARAMARK CORPORATION<br>             *Defendant.* | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>_____ Term, 2018<br><br>No. _____<br><br>**COMPLAINT – CIVIL ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

Case ID: 180404027

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

## CIVIL ACTION COMPLAINT

Plaintiff Tekla Wlodarczyk, complaining of the acts and omissions of Defendant Aramark Corporation, alleges that:

### *Parties*

1.      Plaintiff Tekla Wlodarczyk ("Plaintiff" or "Tekla Wlodarczyk") is a resident of the state of Wisconsin, and lives at 208 W. Maple Avenue, Beaver Dam, Wisconsin 53916.

2.      Tekla Wlodarczyk is the administratrix of the Estate of Carlos Nuñez-Contreras and files this complaint on behalf of the Estate of Carlos Nuñez-Contreras ("Mr. Nuñez-Contreras," "Decedent," or "Deceased").

3.      Defendant Aramark Corporation ("Aramark") is a corporation organized under the laws of Delaware and maintains its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107.

4.      At all times material hereto, Defendant Aramark acted by and through its actual agents, apparent agents, ostensible agents, servants, partners and/or employees, who were acting within the course and scope of their duties as duly authorized and actual agents, ostensible agents, servants, partners, and/or employees of Defendant Aramark.

### *Jurisdiction and Venue*

5.      This court has personal jurisdiction over this action because Defendant Aramark Corporation has its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107 and conducts substantial business activity in Philadelphia County.

6.      This court has subject matter jurisdiction over this action because the damages sought by Plaintiff are in excess of $50,000.00.

1

Case ID: 180404027

7.      This court is also the proper venue for this suit pursuant to Pa. R.C.P. 1006 and 2179 because Defendant Aramark has its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107 and regularly conducts business Philadelphia County.

### *Factual Background*

8.      The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

9.      Aramark is engaged in the business of supplying employee uniforms to third-party businesses.

10.     Aramark supplied 100% polyester uniforms ("Uniforms") to Didion Milling ("Didion") for Didion's employees to wear at work.

11.     Polyester is a synthetic material that melts onto the wearer's skin when the material is exposed to high levels of heat or fire, such as a flash fire.

12.     At the time of the incident, the Uniform Mr. Nuñez-Contreras was wearing clearly stated it was property of Aramark.

13.     The Aramark Uniforms' sole warning related to flammability states "not flame resistant."

14.     The following is a photograph[1] of the tag on Mr. Nuñez-Contreras' uniform that was provided by Aramark:

---

[1] Emphasis added by yellow highlights.

Case ID: 180404027



15.     No other warning related to the flammability of the uniforms was provided to Mr. Nuñez-Contreras.

16.     Mr. Nuñez-Contreras worked at Didion's corn milling plant in Cambria, Wisconsin ("the Mill").

17.     Mr. Nuñez-Contreras wore one of Aramark's 100% polyester Uniforms to work on the day of May 31, 2017.

18.     On May 31, 2017, an explosion and flash fire occurred at the Mill in Cambria, Wisconsin.

19.     The following is a photograph of the Didion Mill after the explosion and fire:

3

Case ID: 180404027



20.     During the explosion, the 100% polyester Aramark Uniform melted onto Mr. Nuñez-Contreras' skin. Boots and cotton underwear protected small portions of his body.

21.     Another employee standing near Mr. Nuñez-Contreras at the time of the flash fire who was wearing cotton clothing (t-shirt and jeans) was only burned where his skin was exposed to the flash fire.

22.     After living and receiving treatment in the burn unit of a hospital for three weeks, and undergoing many painful medical procedures relating to his burns (e.g., skin debridement, skin grafts), Mr. Nuñez-Contreras died from his injuries on June 23, 2017.

## COUNT I - STRICT PRODUCTS LIABILITY

23.     The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

24.     Aramark supplied some or all of Didion's employees at the plant with Aramark Item No. GS0875.

Case ID: 180404027

25.    Item No. GS0875 is a shirt composed of 100% polyester.

26.    Aramark supplied some or all of Didion's employees at the plant with Aramark Item No. GP0377.

27.    Item No. GP0377 is a pair of pants composed of 100% polyester.

28.    At the time of the incident, the Aramark uniforms provided to the Didion Mill employees (including Mr. Nuñez-Contreras) were owned by Aramark.

29.    Aramark actively marketed and sold the type of uniform that Mr. Nuñez-Contreras was wearing at the time of the incident.

30.    Aramark, either directly or through a third party, marketed, sold, or provided the uniform that Mr. Nuñez-Contreras was wearing at the time of the incident to Didion for its employees to wear.

31.    Aramark knew or should have known that the type of 100% polyester uniforms that were provided to the mill workers at the Didion mill were not fit for the intended use—to be worn inside a corn mill where fire and explosion hazards are known.

32.    Aramark knew or should have known that the uniform it provided to Mr. Nuñez-Contreras to wear at the Didion mill was dangerous for the use for which it was supplied.

33.    Aramark should not have supplied the 100% polyester uniform or allowed the 100% polyester uniform to be supplied to a mill where there is a high risk of flash fire.

34.    Aramark knew or should have known that the 100% polyester uniforms would melt onto the intended user's skin in case of exposure to high temperatures, such as a flash fire or explosion.

Case ID: 180404027

35.     Despite knowing that the uniforms (including the uniform worn by Mr. Nuñez-Contreras on the date of the incident) were defectively designed for use in a mill, Aramark nevertheless provided the uniforms knowing that the uniforms would be used in a mill.

36.     As an employee of Didion, Mr. Nuñez-Contreras was an intended and reasonably foreseeable user of the polyester uniform.

37.     Mr. Nuñez-Contreras used the Aramark Uniform in an intended and reasonably foreseeable manner.

38.     Aramark designed, configured, manufactured, marketed, produced, sold, supplied, transported, delivered, distributed, and otherwise placed the polyester uniform in the market for sale.

39.     By placing the polyester uniform into the stream of commerce, Aramark represented that it could be safely used as a work uniform.

40.     The polyester uniform did not undergo any change in condition as supplied by the Aramark.

41.     However, the polyester uniform was unsafe for its intended use that existed prior to such time as the uniform was received by Mr. Nuñez-Contreras.

42.     Specifically, the uniform was defectively designed because it was provided for use in an environment where flash fires are a known hazard. The uniform should have been made of fire retardant treated cotton and not 100% polyester.

43.     Additionally, the uniform was defective because the warning label inside the uniform was inadequate and Aramark otherwise failed to warn ultimate users regarding the dangers of wearing the polyester uniform near flames, explosions, or flash fires. The warning should have

Case ID: 180404027

stated clear warnings that the 100% polyester uniform could cause serious injury or death if worn in an environment where flash fires or explosions were a known hazard.

44.     Aramark knew or should have known that the 100% polyester uniforms would melt onto the intended user's skin in case of exposure to high temperatures, such as a flash fire or explosion.

45.     Mr. Nuñez-Contreras was unaware of the defective nature of the uniform (both the design defect and warning defect) and was otherwise unaware of the polyester uniform's unreasonably dangerous and/or unsafe condition.

46.     At the time of the explosion, the polyester uniform failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner because of the defects described herein.

47.     The Aramark uniform's defects (both in design and lack of adequate warnings) were the proximate cause of Mr. Nuñez-Contreras' injuries, which ultimately led to his death.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including, but not limited to, compensation for pain and suffering, compensation for limitation and preclusion from performing normal activities, compensation for loss of health, compensation for medical expenses, and any further relief to which the Plaintiff is justly entitled at law or in equity.

## COUNT II - NEGLIGENCE

48.     The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

49.     Aramark provided the 100% polyester uniform to Didion specifically for use by mill employees as their work uniform.

7

50.    The sole warning related to flammability inside these Uniforms states "not flame resistant." Aramark's negligence in providing 100% polyester uniforms to mill employees proximately caused Plaintiff's injuries.

51.    Aramark had a duty to the Plaintiff to provide a safe uniform for a mill employee and/or to adequately warn the Plaintiff of the dangers of the uniform. Aramark breached that duty and its negligence incudes, but is not limited to, the following:

   a.    Marketing a 100% polyester uniform to a milling company;

   b.    Failing to suggest alternate uniforms made with safer fabrics;

   c.    Failing to provide a safe uniform for Plaintiff's work environment;

   d.    Failing to attach adequate warnings to the uniform (both shirt and pants);

   e.    Failing to include adequate warnings in the advertisement of the uniform (both shirt and pants) to warn of its lack of fire resist

   f.    Failing to adequately warn Plaintiff of the dangers of the Uniform;

   g.    Failing to adequately supervise its employees;

   h.    Failing to provide adequate training to its employees;

   i.    Failing to comply with applicable rules and regulations;

   j.    Other acts deemed negligent and grossly negligent.

52.    These breaches were the proximate cause of Plaintiff's severe injuries, which resulted in physical pain, mental anguish, physical impairment, disfigurement, distress, and eventually his death.

WHEREFORE, Plaintiff demands judgment in her favor on behalf of the Estate of Carlos Nuñez-Contreras for all compensatory damages, including, but not limited to, compensation for pain and suffering, compensation for limitation and preclusion from performing normal activities,

Case ID: 180404027

compensation for loss of health, compensation for medical expenses, and any further relief to which the Plaintiff is justly entitled at law or in equity.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH ACT

53.    The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

54.    As a result of Aramark's defective uniform and negligence, Carlos Nuñez-Contreras ("the Deceased") died on June 23, 2017.

55.    This action is brought by the Administratrix of the Deceased's estate pursuant to 42 Pa. C. S. A. § 8301 for the wrongful death of Carlos Nuñez-Contreras on behalf of all persons entitled to recover damages.

56.    Mr. Nuñez-Contreras filed no action during his lifetime to recover damages for the injuries that caused his death and no other action for the death of the Deceased has been commenced against the Defendant.

57.    The following person is or may be entitled by law to recover damages for the wrongful death of Carlos Nuñez-Contreras: Macario Leon Nuñez Diaz.

58.    Macario Leon Nuñez Diaz is the father of Carlos Nuñez-Contreras and he resides at Ignacio Allende SN, La Magdalena, Temascalcingo, Mexico 50410.

59.    As a direct and proximate result of the conduct of the Aramark, Decedent was obligated to spend various sums of money to treat his injuries, which debts have been assumed by his estate.

60.    As a direct and proximate result of the death of the deceased, Plaintiff has suffered the following damages:

Case ID: 180404027

a. Reasonable and necessary expenses for decedent's funeral, burial, and memorial services;

b. Reasonable and necessary medical expenses;

c. Loss of all services, assistance, comfort, companionship of Carlos Nuñez-Contreras;

d. Expenses of the administration of Decedent's estate; and

e. Other losses and damages as recoverable by law or statute.

WHEREFORE, Plaintiff Tekla Wlodarczyk, Administratrix of the Estate of Carlos Nuñez-Contreras, requests judgment be entered for compensatory damages and all other damages as may be permitted pursuant to applicable law in her favor.

## SECOND CAUSE OF ACTION – SURVIVAL ACT

61.    The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

62.    Plaintiff brings this action on behalf of the Estate of Carlos Nuñez-Contreras pursuant to 42 Pa. C. S. A. § 8302.

63.    As a result of Defendant's defective uniform and negligence as described herein, Carlos Nuñez-Contreras was injured on May 31, 2017, and died on June 23, 2017.

64.    Mr. Nuñez-Contreras was only twenty-nine (29) years old at the time of his death.

65.    As a direct and proximate result of the conduct of Aramark, Mr. Nuñez-Contreras suffered extreme physical, mental and emotional pain, distress, and agony from the time of his injury until the time of his death.

66.    As a direct and proximate result of the conduct of Aramark, Decedent was obligated to spend various sums of money to treat his injuries, which debts have been assumed by his estate.

10

Case ID: 180404027

67.     As a direct and proximate result of the conduct of Aramark, the Deceased's estate has additionally been deprived of the present value of the accumulations that the decedent would have made to his estate had the decedent lived out his full life expectancy.

68.     Plaintiff seeks damages pursuant to 42 Pa. C. S. A. § 8302, including, but not limited to, damages for:

a.   The physical pain and suffering of Carlos Nuñez-Contreras from the explosion on May 31, 2017, to the date of his death on June 23, 2017;

b.   The fear, humiliation, sadness, embarrassment, loss of dignity and other mental and emotional pain and suffering of Carlos Nuñez-Contreras from the date of his injuries on May 31, 2017, to the date of his death on June 23, 2017;

c.   Reasonable and necessary medical expenses;

d.   The loss of earnings and earning capacity of Carlos Nuñez-Contreras during the balance of his life expectancy calculated from the date of death;

e.   Any other losses or damages as may be permissible and to which Plaintiff is entitled by law.

WHEREFORE, Plaintiff Tekla Wlodarczyk, Administratrix of the Estate of Carlos Nuñez-Contreras, requests that judgment be entered for compensatory and all other damages as may be permitted pursuant to applicable law in her favor.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*

Kurt Arnold
Pennsylvania Bar No.: 308531
karnold@arnolditkin.com

11

Case ID: 180404027

Caj Boatright
Pennsylvania Bar No.: 321544
cboatright@arnolditkin.com
Roland Christensen
*Pro Hac Vice Anticipated*
rchristensen@arnolditkin.com
Alison Baimbridge
*Pro Hac Vice Anticipated*
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**


**KLINE & SPECTER, P.C.**
Patrick Fitzgerald, Esq. (ID No. 320051)
Patrick.Fitzgerald@klinespecter.com
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000

**ATTORNEYS FOR PLAINTIFF**

Case ID: 180404027

## <u>VERIFICATION</u>

I, TEKLA WLODARCZYK, as Administratrix of the Estate of Carlos Nuñez-Contreras, hereby verify that I am the plaintiff in the foregoing action; that the attached complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the complaint is that of counsel and not of the affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_Tekla Wlodarczyk_
Tekla Wlodarczyk

Case ID: 180404027

**ARNOLD & ITKIN, LLP**
By:  Kurt Arnold, Esq. (ID No. 308531)
      Caj Boatright, Esq. (ID No. 321544)
      Roland Christensen, Esq.
          *Pro Hac Vice Anticipated*
      Alison Baimbridge, Esq.
          *Pro Hac Vice Anticipated*
6009 Memorial Drive
Houston, TX 77007
713-222-3800

**KLINE & SPECTER, P.C.**
Patrick Fitzgerald, Esq. (ID No. 320051)
Patrick.Fitzgerald@klinespecter.com
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000

*Filed and Attested by the*
*Office of Judicial Records*
*17 APR 2018 04:17 pm*
*C. FORTE*

*Attorneys for Plaintiff*

---

TEKLA WLODARCZYK, as Administratrix
of the Estate of Carlos Nuñez-Contreras,
                              *Plaintiff,*

v.

ARAMARK CORPORATION
                              *Defendant.*

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

April Term, 2018

No. 04027

---

### PRAECIPE TO ATTACH

TO THE PROTHONOTARY:

    Kindly docket the attached color copy of the Civil Action Complaint to the black and white

copy of the Complaint filed on April 27, 2018.

                       **KLINE & SPECTER, PC**

                       Patrick Fitzgerald, Esq. (ID No. 320051)
                       Patrick.Fitzgerald@klinespecter.com
                       1525 Locust Street, 19th Floor
                       Philadelphia, PA 19102
                       215-772-1000

                      **ATTORNEYS FOR PLAINTIFF**

**ARNOLD & ITKIN, LLP**
By:  Kurt Arnold, Esq. (ID No. 308531)
Caj Boatright, Esq. (ID No. 321544)
Roland Christensen, Esq.
*Pro Hac Vice Anticipated*
Alison Baimbridge, Esq.
*Pro Hac Vice Anticipated*
6009 Memorial Drive
Houston, TX 77007
713-222-3800

*Attorneys for Plaintiff*

**KLINE & SPECTER, P.C.**
Patrick Fitzgerald, Esq. (ID No. 320051)
Patrick.Fitzgerald@klinespecter.com
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000

Filed and Attested by the
Office of Judicial Records
27 APR 2018 04:17 pm
C. FORTE

| | |
|---|---|
| TEKLA WLODARCZYK, as Administratrix of the Estate of Carlos Nuñez-Contreras, *Plaintiff,* <br><br> v. <br><br> ARAMARK CORPORATION *Defendant.* | PHILADELPHIA COUNTY COURT OF COMMON PLEAS <br><br> _____ Term, 2018 <br><br> No. _____ <br><br> **COMPLAINT – CIVIL ACTION** <br><br><br> **JURY TRIAL DEMANDED** |

Case ID: 180404027

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

## CIVIL ACTION COMPLAINT

Plaintiff Tekla Wlodarczyk, complaining of the acts and omissions of Defendant Aramark Corporation, alleges that:

### *Parties*

1.       Plaintiff Tekla Wlodarczyk ("Plaintiff" or "Tekla Wlodarczyk") is a resident of the state of Wisconsin, and lives at 208 W. Maple Avenue, Beaver Dam, Wisconsin 53916.

2.       Tekla Wlodarczyk is the administratrix of the Estate of Carlos Nuñez-Contreras and files this complaint on behalf of the Estate of Carlos Nuñez-Contreras ("Mr. Nuñez-Contreras," "Decedent," or "Deceased").

3.       Defendant Aramark Corporation ("Aramark") is a corporation organized under the laws of Delaware and maintains its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107.

4.       At all times material hereto, Defendant Aramark acted by and through its actual agents, apparent agents, ostensible agents, servants, partners and/or employees, who were acting within the course and scope of their duties as duly authorized and actual agents, ostensible agents, servants, partners, and/or employees of Defendant Aramark.

### *Jurisdiction and Venue*

5.       This court has personal jurisdiction over this action because Defendant Aramark Corporation has its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107 and conducts substantial business activity in Philadelphia County.

6.       This court has subject matter jurisdiction over this action because the damages sought by Plaintiff are in excess of $50,000.00.

1

Case ID: 180404027

7.    This court is also the proper venue for this suit pursuant to Pa. R.C.P. 1006 and 2179 because Defendant Aramark has its principal office at 1101 Market Street, Philadelphia, Pennsylvania 19107 and regularly conducts business Philadelphia County.

### ***Factual Background***

8.    The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

9.    Aramark is engaged in the business of supplying employee uniforms to third-party businesses.

10.    Aramark supplied 100% polyester uniforms ("Uniforms") to Didion Milling ("Didion") for Didion's employees to wear at work.

11.    Polyester is a synthetic material that melts onto the wearer's skin when the material is exposed to high levels of heat or fire, such as a flash fire.

12.    At the time of the incident, the Uniform Mr. Nuñez-Contreras was wearing clearly stated it was property of Aramark.

13.    The Aramark Uniforms' sole warning related to flammability states "not flame resistant."

14.    The following is a photograph[1] of the tag on Mr. Nuñez-Contreras' uniform that was provided by Aramark:

---

[1] Emphasis added by yellow highlights.

Case ID: 180404027



15.    No other warning related to the flammability of the uniforms was provided to Mr. Nuñez-Contreras.

16.    Mr. Nuñez-Contreras worked at Didion's corn milling plant in Cambria, Wisconsin ("the Mill").

17.    Mr. Nuñez-Contreras wore one of Aramark's 100% polyester Uniforms to work on the day of May 31, 2017.

18.    On May 31, 2017, an explosion and flash fire occurred at the Mill in Cambria, Wisconsin.

19.    The following is a photograph of the Didion Mill after the explosion and fire:

3

Case ID: 180404027



20.     During the explosion, the 100% polyester Aramark Uniform melted onto Mr. Nuñez-Contreras' skin. Boots and cotton underwear protected small portions of his body.

21.     Another employee standing near Mr. Nuñez-Contreras at the time of the flash fire who was wearing cotton clothing (t-shirt and jeans) was only burned where his skin was exposed to the flash fire.

22.     After living and receiving treatment in the burn unit of a hospital for three weeks, and undergoing many painful medical procedures relating to his burns (e.g., skin debridement, skin grafts), Mr. Nuñez-Contreras died from his injuries on June 23, 2017.

### COUNT I - STRICT PRODUCTS LIABILITY

23.     The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

24.     Aramark supplied some or all of Didion's employees at the plant with Aramark Item No. GS0875.

4

25.    Item No. GS0875 is a shirt composed of 100% polyester.

26.    Aramark supplied some or all of Didion's employees at the plant with Aramark Item No. GP0377.

27.    Item No. GP0377 is a pair of pants composed of 100% polyester.

28.    At the time of the incident, the Aramark uniforms provided to the Didion Mill employees (including Mr. Nuñez-Contreras) were owned by Aramark.

29.    Aramark actively marketed and sold the type of uniform that Mr. Nuñez-Contreras was wearing at the time of the incident.

30.    Aramark, either directly or through a third party, marketed, sold, or provided the uniform that Mr. Nuñez-Contreras was wearing at the time of the incident to Didion for its employees to wear.

31.    Aramark knew or should have known that the type of 100% polyester uniforms that were provided to the mill workers at the Didion mill were not fit for the intended use—to be worn inside a corn mill where fire and explosion hazards are known.

32.    Aramark knew or should have known that the uniform it provided to Mr. Nuñez-Contreras to wear at the Didion mill was dangerous for the use for which it was supplied.

33.    Aramark should not have supplied the 100% polyester uniform or allowed the 100% polyester uniform to be supplied to a mill where there is a high risk of flash fire.

34.    Aramark knew or should have known that the 100% polyester uniforms would melt onto the intended user's skin in case of exposure to high temperatures, such as a flash fire or explosion.

Case ID: 180404027

35.     Despite knowing that the uniforms (including the uniform worn by Mr. Nuñez-Contreras on the date of the incident) were defectively designed for use in a mill, Aramark nevertheless provided the uniforms knowing that the uniforms would be used in a mill.

36.     As an employee of Didion, Mr. Nuñez-Contreras was an intended and reasonably foreseeable user of the polyester uniform.

37.     Mr. Nuñez-Contreras used the Aramark Uniform in an intended and reasonably foreseeable manner.

38.     Aramark designed, configured, manufactured, marketed, produced, sold, supplied, transported, delivered, distributed, and otherwise placed the polyester uniform in the market for sale.

39.     By placing the polyester uniform into the stream of commerce, Aramark represented that it could be safely used as a work uniform.

40.     The polyester uniform did not undergo any change in condition as supplied by the Aramark.

41.     However, the polyester uniform was unsafe for its intended use that existed prior to such time as the uniform was received by Mr. Nuñez-Contreras.

42.     Specifically, the uniform was defectively designed because it was provided for use in an environment where flash fires are a known hazard. The uniform should have been made of fire retardant treated cotton and not 100% polyester.

43.     Additionally, the uniform was defective because the warning label inside the uniform was inadequate and Aramark otherwise failed to warn ultimate users regarding the dangers of wearing the polyester uniform near flames, explosions, or flash fires. The warning should have

Case ID: 180404027

stated clear warnings that the 100% polyester uniform could cause serious injury or death if worn in an environment where flash fires or explosions were a known hazard.

44.     Aramark knew or should have known that the 100% polyester uniforms would melt onto the intended user's skin in case of exposure to high temperatures, such as a flash fire or explosion.

45.     Mr. Nuñez-Contreras was unaware of the defective nature of the uniform (both the design defect and warning defect) and was otherwise unaware of the polyester uniform's unreasonably dangerous and/or unsafe condition.

46.     At the time of the explosion, the polyester uniform failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner because of the defects described herein.

47.     The Aramark uniform's defects (both in design and lack of adequate warnings) were the proximate cause of Mr. Nuñez-Contreras' injuries, which ultimately led to his death.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including, but not limited to, compensation for pain and suffering, compensation for limitation and preclusion from performing normal activities, compensation for loss of health, compensation for medical expenses, and any further relief to which the Plaintiff is justly entitled at law or in equity.

## COUNT II - NEGLIGENCE

48.     The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

49.     Aramark provided the 100% polyester uniform to Didion specifically for use by mill employees as their work uniform.

7

Case ID: 180404027

50.     The sole warning related to flammability inside these Uniforms states "not flame resistant." Aramark's negligence in providing 100% polyester uniforms to mill employees proximately caused Plaintiff's injuries.

51.     Aramark had a duty to the Plaintiff to provide a safe uniform for a mill employee and/or to adequately warn the Plaintiff of the dangers of the uniform. Aramark breached that duty and its negligence incudes, but is not limited to, the following:

     a.  Marketing a 100% polyester uniform to a milling company;

     b.  Failing to suggest alternate uniforms made with safer fabrics;

     c.  Failing to provide a safe uniform for Plaintiff's work environment;

     d.  Failing to attach adequate warnings to the uniform (both shirt and pants);

     e.  Failing to include adequate warnings in the advertisement of the uniform (both shirt and pants) to warn of its lack of fire resist

     f.  Failing to adequately warn Plaintiff of the dangers of the Uniform;

     g.  Failing to adequately supervise its employees;

     h.  Failing to provide adequate training to its employees;

     i.  Failing to comply with applicable rules and regulations;

     j.  Other acts deemed negligent and grossly negligent.

52.     These breaches were the proximate cause of Plaintiff's severe injuries, which resulted in physical pain, mental anguish, physical impairment, disfigurement, distress, and eventually his death.

WHEREFORE, Plaintiff demands judgment in her favor on behalf of the Estate of Carlos Nuñez-Contreras for all compensatory damages, including, but not limited to, compensation for pain and suffering, compensation for limitation and preclusion from performing normal activities,

Case ID: 180404027

compensation for loss of health, compensation for medical expenses, and any further relief to which the Plaintiff is justly entitled at law or in equity.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH ACT

53.     The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

54.     As a result of Aramark's defective uniform and negligence, Carlos Nuñez-Contreras ("the Deceased") died on June 23, 2017.

55.     This action is brought by the Administratrix of the Deceased's estate pursuant to 42 Pa. C. S. A. § 8301 for the wrongful death of Carlos Nuñez-Contreras on behalf of all persons entitled to recover damages.

56.     Mr. Nuñez-Contreras filed no action during his lifetime to recover damages for the injuries that caused his death and no other action for the death of the Deceased has been commenced against the Defendant.

57.     The following person is or may be entitled by law to recover damages for the wrongful death of Carlos Nuñez-Contreras: Macario Leon Nuñez Diaz.

58.     Macario Leon Nuñez Diaz is the father of Carlos Nuñez-Contreras and he resides at Ignacio Allende SN, La Magdalena, Temascalcingo, Mexico 50410.

59.     As a direct and proximate result of the conduct of the Aramark, Decedent was obligated to spend various sums of money to treat his injuries, which debts have been assumed by his estate.

60.     As a direct and proximate result of the death of the deceased, Plaintiff has suffered the following damages:

9

Case ID: 180404027

a. Reasonable and necessary expenses for decedent's funeral, burial, and memorial services;

b. Reasonable and necessary medical expenses;

c. Loss of all services, assistance, comfort, companionship of Carlos Nuñez-Contreras;

d. Expenses of the administration of Decedent's estate; and

e. Other losses and damages as recoverable by law or statute.

WHEREFORE, Plaintiff Tekla Wlodarczyk, Administratrix of the Estate of Carlos Nuñez-Contreras, requests judgment be entered for compensatory damages and all other damages as may be permitted pursuant to applicable law in her favor.

## SECOND CAUSE OF ACTION – SURVIVAL ACT

61. The paragraphs and allegations stated above are incorporated herein by reference as if the same were set forth fully herein.

62. Plaintiff brings this action on behalf of the Estate of Carlos Nuñez-Contreras pursuant to 42 Pa. C. S. A. § 8302.

63. As a result of Defendant's defective uniform and negligence as described herein, Carlos Nuñez-Contreras was injured on May 31, 2017, and died on June 23, 2017.

64. Mr. Nuñez-Contreras was only twenty-nine (29) years old at the time of his death.

65. As a direct and proximate result of the conduct of Aramark, Mr. Nuñez-Contreras suffered extreme physical, mental and emotional pain, distress, and agony from the time of his injury until the time of his death.

66. As a direct and proximate result of the conduct of Aramark, Decedent was obligated to spend various sums of money to treat his injuries, which debts have been assumed by his estate.

Case ID: 180404027

67.    As a direct and proximate result of the conduct of Aramark, the Deceased's estate has additionally been deprived of the present value of the accumulations that the decedent would have made to his estate had the decedent lived out his full life expectancy.

68.    Plaintiff seeks damages pursuant to 42 Pa. C. S. A. § 8302, including, but not limited to, damages for:

    a.    The physical pain and suffering of Carlos Nuñez-Contreras from the explosion on May 31, 2017, to the date of his death on June 23, 2017;

    b.    The fear, humiliation, sadness, embarrassment, loss of dignity and other mental and emotional pain and suffering of Carlos Nuñez-Contreras from the date of his injuries on May 31, 2017, to the date of his death on June 23, 2017;

    c.    Reasonable and necessary medical expenses;

    d.    The loss of earnings and earning capacity of Carlos Nuñez-Contreras during the balance of his life expectancy calculated from the date of death;

    e.    Any other losses or damages as may be permissible and to which Plaintiff is entitled by law.

WHEREFORE, Plaintiff Tekla Wlodarczyk, Administratrix of the Estate of Carlos Nuñez-Contreras, requests that judgment be entered for compensatory and all other damages as may be permitted pursuant to applicable law in her favor.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*

_____

Kurt Arnold
Pennsylvania Bar No.: 308531
karnold@arnolditkin.com

11

Case ID: 180404027

Caj Boatright
Pennsylvania Bar No.: 321544
cboatright@arnolditkin.com
Roland Christensen
*Pro Hac Vice Anticipated*
rchristensen@arnolditkin.com
Alison Baimbridge
*Pro Hac Vice Anticipated*
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**


**KLINE & SPECTER, P.C.**
Patrick Fitzgerald, Esq. (ID No. 320051)
Patrick.Fitzgerald@klinespecter.com
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000

**ATTORNEYS FOR PLAINTIFF**

Case ID: 180404027

**VERIFICATION**

I, TEKLA WLODARCZYK, as Administratrix of the Estate of Carlos Nuñez-Contreras, hereby verify that I am the plaintiff in the foregoing action; that the attached complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the complaint is that of counsel and not of the affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Tekla Wlodarczyk